NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JUAN LUIS ZERMENO, *Appellant.*

No. 1 CA-CR 18-0018
FILED 11-29-2018

Appeal from the Superior Court in Maricopa County
No. CR 2014-159817-001
The Honorable Peter C. Reinstein, Judge (Retired)

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Office of the Legal Advocate, Phoenix
By Consuelo M. Ohanesian
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge James P. Beene and Judge James B. Morse Jr. joined.

---

**B R O W N**, Judge:

¶1        This appeal is presented to us pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Defense counsel has searched the record on appeal and advised us there are no meritorious grounds for reversal. Defendant Juan Luis Zermeno was given an opportunity to file a supplemental brief in propria persona but did not do so. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the conviction and resolving all reasonable inferences against Zermeno, *State v. Guerra*, 161 Ariz. 289, 293 (1989).

¶2        On December 17, 2014, victim J.C.'s adult daughter called police to her father's home because no one had seen or heard from him for multiple days, and his Ford F-150 and Cadillac Escalade were missing. Upon entering J.C.'s home, officers found J.C.'s corpse lying face down on the floor, surrounded by "what would appear to be dried blood." They also found more blood in multiple locations, a bloody knife with a broken tip, and areas where it appeared televisions were missing. Officers and crime-scene analysts collected potential DNA samples from multiple locations including the knife's blade and handle as well as a drop of blood in the garage.

¶3        On December 18, 2014, officers investigating J.C.'s murder became aware that Zermeno contacted an acquaintance on December 15 to sell J.C.'s Cadillac (he later used the same acquaintance to sell J.C.'s Ford). At the time of the sale, Zermeno was not aware that the acquaintance had prior interactions with law enforcement as a confidential informant. Although the informant had previously sold cars for Zermeno, the sale of these two vehicles made him suspicious because the Cadillac had blood on its interior and exterior surfaces.

¶4        Zermeno was arrested and charged with first-degree murder—either premeditated or felony murder— (count one), burglary in the first degree (count two), armed robbery (count three), and trafficking in

stolen property in the first degree (count four).  Evidence presented at the 15-day trial established, among other things, that (1) J.C. was stabbed many times, one or more of which caused his death; (2) J.C. had defensive wounds on his hands and arms; (3) the tip of the bloody knife was embedded in J.C.'s skull; (4) some of the blood in the garage and on the knife's handle belonged to Zermeno; (5) on December 15th at 2:42 a.m., Zermeno used a cell phone that was not his primary number to communicate with the informant about selling J.C.'s Cadillac; (6) there were at least two people, not including J.C., in the home at the time of the murder because two sets of shoe prints were visible in the blood surrounding J.C.'s body; (7) J.C.'s two televisions were missing from the home; and (8) a remote control likely belonging to one of the stolen televisions was found in the Cadillac.

¶5        The jury found Zermeno guilty of counts one, two, and four, but found him not guilty of count three.  The jury then found that the State proved aggravating circumstances as to counts one and two.  The superior court sentenced Zermeno to natural life for count one, 14 years for count two, and 8 years for count four, with presentence incarceration credit of 1,092 days.  The court ordered that count two would run consecutively to count one, but concurrently with count four.  Zermeno timely appealed.

¶6        After a thorough review of the record, we find no reversible error.  *Clark*, 196 Ariz. at 541, ¶ 50.  The record reflects Zermeno was present and represented by counsel at all critical stages of the proceedings against him. The evidence presented supports the convictions, and the sentences-imposed fall within the range permitted by law.  As far as the record reveals, these proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and Zermeno's constitutional and statutory rights.  Therefore, we affirm his convictions and sentences.

¶7 Defense counsel's obligations pertaining to Zermeno's representation in this appeal have ended. *See State v. Shattuck*, 140 Ariz. 582, 584 (1984). Counsel need do no more than inform Zermeno of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *Id.* at 584-85. Zermeno has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA